APPEAL OF WILLIAM CHISHOLM'S SONS CO. (NOW THE CHISHOLM SHOVEL CO.)

Docket No. 1840.   Submitted April 20, 1925.   Decided March 31, 1926.

*H. A. Hauxhurst* for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal is from the determination of a deficiency in income and profits tax for the year 1918 in the sum of $5,428.37. The deficiency arose by reason of the disallowance by the Commissioner of the item of good will as a part of invested capital, valued by the taxpayer at $63,725.70.

In the return made by the taxpayer for the year 1918, it listed its invested capital at $203,140.40, included in which was good will valued at $63,725.70. The Commissioner allowed invested capital as follows:

| | |
|---|---:|
| Capital stock issued | $200,000.00 |
| Surplus | 3,140.40 |
| Total | 203,140.40 |
| From which he deducted | 63,725.70 |
| Leaving as invested capital | 139,414.70 |

on which he made the calculations to determine the amount of taxes due, and which resulted in the deficiency determined by him.

FINDINGS OF FACT.

In 1908 there was being conducted a business in Cleveland, Ohio, known as the William Chisholm & Sons Co., William Chisholm, Sr., being the sole owner.

In 1908, William Chisholm, Sr., died. In February, 1910, a corporation was formed, with an authorized capital stock of $200,000, to take over the assets of the William Chisholm & Sons Co. business, and known as the William Chisholm's Sons Co. William Chisholm, Sr., left a large estate separate and apart from the assets recognized as pertaining to the business of the William Chisholm & Sons Co.

In a written agreement filed by the beneficiaries under the will of William Chisholm, Sr., in 1910, in the administration proceedings, the properties recognized as incident to and comprising the William Chisholm & Sons Co. business were inventoried and appraised at $119,686.79.

Immediately after said agreement was made and approved by the court, the corporation was formed and began to operate. The first entry on the journal of the corporation was dated March 1, 1910, and listed the tangible properties taken over at an aggregate value of $147,148.83. There was then made an entry of "good

will " at a valuation of $58,122.53. The taxpayer assumed obligations of $5,271.36. On December 31, 1910, an entry was made on the journal as follows:

| | Debit. | Credit. |
|---|---|---|
| Good will account: | | |
| Surplus | $5,603.17 | $5,603.17 |

The above entry is made to correct entry made in March, 1910. Proper amount allowed for the good will was $63,725.70, not $58,122.53, as made by Mr. Royal.

Under the agreement hereinbefore referred to, Mrs. Chisholm, the widow, was to get 465½ shares of the 2,000 shares of the capital stock of the William Chisholm's Sons Co., and a contract was entered into between Mrs. Chisholm and H. A. Chisholm by which she was granted an option to require H. A. Chisholm to purchase her stock at any time within three months at 92.8 per cent of its face value. In the event Mrs. Chisholm did not exercise said option within said three months, she obligated herself not to sell to anyone except H. A. Chisholm, and, in the event she decided to sell after said three months, he was to purchase it at 68 per cent of its face value.

C. S. Chisholm also agreed to sell to H. A. Chisholm, and H. A. Chisholm agreed to buy, the 431 shares of stock allotted to said C. S. Chisholm at 92.8 per cent of their face value.

Immediately after the organization of the corporation, H. A. Chisholm sold to A. E. Cook, who was secretary of the company, 100 shares of said stock for $96 per share.

Good will had a value of at least $43,700.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*